# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MARLINDA LEE, As Personal**
**Representative for the Estate of**
**MERVIN JAMES, Deceased,**

      **Plaintiff,**

**vs**.                                No. _____

**THE UNITED STATES OF AMERICA,**
**CHARYANIN MUSIKASINTHORN, M.D.,**
**HENRY STACHURA, M.D.,**
**JOHN DOES 1-10, XYZ CORPORATIONS 1-10,**
**AND A, B, or C BUSINESSES,**

      **Defendants.**

## COMPLAINT TO RECOVER DAMAGES FOR THE WRONGFUL DEATH RESULTING FROM MEDICAL NEGLIGENCE ARISING UNDER THE FEDERAL TORT CLAIMS ACT

Marlinda Lee, Personal Representative of the Estate of Mervin James, by and through her attorney, William R. Keeler [KEELER & KEELER, LLP.]  and for her complaint against the Defendant, United States of America, Charyanin Musikasinthorn, M.D., Henry Stachura, M.D., states and alleges:

1.     This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, et. seq. (hereinafter the "FTCA") for medical negligence at the Gallup Indian Medical Center ("GIMC") operated as an Indian Health Services medical facility located in Gallup, New Mexico.

## PARTIES AND JURISDICTION

2.     Plaintiff, Marlinda Lee is now and at all times material hereto has been a residence of McKinley County, New Mexico.  She is the sister of Mervin James, deceased

(hereinafter referred to as "Mr. James"), and has been duly appointed as the Personal Representative of his Estate.

3.      At the time of his death, Mr. James was 36 years old and a residence of McKinley County, New Mexico.

4.      Mr. James underwent medical care and treatment at Gallup Indian Medical Center ("GIMC"), Gallup, New Mexico, thereby granting jurisdiction and venue to this Court.

5.      Defendant, United States of America ("United States"), through its agents, employees, and through the Department of Health & Human Services, Public Health Service, and Indian Health Service, are all federal agencies and at all times hereinafter mentioned, did and now do, operate a hospital entitled GIMC in Gallup, New Mexico, where all claims of negligence arose.

6.      At all times material hereto, Defendant United States employed, *inter alia*, Charyanin Musikasinthorn, M.D., who was licensed and practicing medical doctor employed by the Defendant, United States at Gallup Indian Medical Center acting within the scope and course of her employment.

7.      At all times material hereto, Defendant United States employed, *inter alia*, Henry Stachura, M.D., who was licensed and practicing medical doctor employed by the Defendant, United States at Gallup Indian Medical Center acting within the scope and course of their employment.

8.      Defendants Charyanin Musikasinthorn, M.D., and Henry Stachura, M.D. were Mr. James' general surgeons performing medical services at Gallup Indian Medical Center.

9.      Defendants John Does 1 – 10 are individuals or entities that were negligent in providing medical services to Mr. James whose names are presently unknown.  Ms. Lee will

seek leave of court to amend the Complaint when the true names of these Defendants have been ascertained.

10.     Defendants XYZ Corporations 1-10 are fictitious names for corporations and/or businesses which may or may not exist, subject to the jurisdiction of this Court that may have employed medical provider defendants.  Leave of this Court will be sought to amend the pleadings if, and when, the existence and names of these fictitious entities are discovered.

11.     Defendants A, B or C Businesses are fictitious names for business entities which may or may not exist, subject to the jurisdiction of this Court that may have employed medical provider defendants.  Leave of this Court will be sought to amend the pleadings if, and when, the existence and names of these fictitious entities are discovered.

12.     At the time of the incident, Defendants A, B or C Businesses employed Dr. Musikasinthorn, Dr. Stachura and/or John Does 1-10, and entered into an agreement with Gallup Indian Medical Center for Dr. Musikasinthorn, Henry Stachura, M.D., and/or John Does 1-10 to provide medical services to Gallup Indian Medical Center.  Leave of this Court will be sought to amend the pleadings if, and when, the existence and names of these fictitious entities are discovered.

13.     The tort claim for which Plaintiff sues herein arose from the acts and omissions of Defendants as alleged herein all occurring within the State of of New Mexico.

14.     If the Defendant was a private person it would be liable to the Plaintiff in accordance with the laws of the State of New Mexico.

15.     A federal form 95 asserting the claim of plaintiffs detailed herein was sent on the 26th day July, 2013 via certified mail to the Office of the General Counsel, 330 Independence Ave., SW, Room 4256, Wilbur J. Cohen Bldg, Washington, DC 20201, Claims Officer,

Department of the Health and Human Services, PHS Claims Office, Room 5c-10, Parklown

Building, 5600 Fisher Lane, Rockville, Maryland 20857, United States Department of Interior,

1849 C. Street NW, Washington, DC 20240, and Gallup Indian Medical Center, P.O. Box 1337,

Gallup, New Mexico 87305;

16.    On August 5, 2013, a response was received from the Office of the General

Counsel, General Law Divison Claims office requested three sets of documents for review.

17.    On October 29, 2013, a letter containing three sets of documents on (CD) were

Federal Expressed to the Office of the General Counsel, General Law Division.

18.    The federal tort claim was denial on April 6, 2015.

19.    A reconsideration letter with supported documentation was mailed certified mail to

the Office of General Counsel with return receipt requested on September 10, 2015.

20.   Said agencies have not yet made a decision on the tort claim.

21.   Process may be served, pursuant to Fed. R. Civ. P. 4(i)(1) by (a) delivering a copy of

the summons and complaint by registered or certified mail to the Acting United States Attorney

for the District of New Mexico Steven C. Yarbrough c/o Civil Process Clerk, whose address is

P.O. Box 607, Albuquerque, New Mexico 87102, (b) by sending a copy of the summons and

complaint by registered or certified mail to the Hon. Eric H. Holder, Jr. Attorney General of the

United States Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-

0001, (c) by sending a copy of the summons and complaint by registered or certified mail to the

Hon. Ken Salazar, Secretary, United States Department of Interior, 1849 C. St. NW,

Washington, DC 20240,

22.   This Court has jurisdiction over the parties and subject matter hereto pursuant to 28

USC § 1346(b).

## COUNT I

## MEDICAL NEGLIGENCE

23.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 as though fully recited at length herein.

24.     At all material times, Mervin James was a patient of the Defendants.

25.     On October 22, 2012, Mr. James was admitted into Gallup Indian Medical Center for abdominal pain.  Mr. James was found to have elevated white blood count and a gallbladder that was thickened and filled with stones.

26.     On October 23, 2012 Mr. James underwent a laparoscopic cholecystectomy performed by Henry Stachura, M.D. and discharged on October 25, 2012.

27.     On January 6, 2013, Mr. James was admitted into Gallup Indian Medical Center for abdominal pain and underwent an exploratory laparotomy with sigmoid colectomy and end colostomy, abdominal washout, omentectomy, adhesion lysis, partial small bowel resection performed by Charyanin Musikasinthorn, M.D.

28.     While under the care of GIMC in the ICU, Mr. James received three vasopressors including Levophed, dopamine, and vasopressin.

29.     After receiving vasopressors for 48 hours it was discovered that Mr. James received an overdose of vasopressors and as a result of the dosing error, Mr. James suffered injuries, including but not limited to, ischemia and necrosis.

30.     Mr. James had several surgeries after January 6, 2013 while at Gallup Indian Medical Center and became septic and hypotensive.

31.     Mr. James was transferred to the University of New Mexico Hospital for specialized care for a perforated sigmoid diverticulitis with cecal peritonitis complicated by septic shock, acute renal failure secondary to post ischemic acute tubular necrosis and Uremic pericarditis.

32.     Mr. James was pronounced dead on January 28, 2013.

33.     At all times material hereto, the relationship of medical provider-patient existed between Mr. James and the licensed and practicing physicians, other treating physicians and medical personnel and medical providers while at Gallup Indian Medical Center.

34.     At all times pertinent hereto, and as to all acts alleged herein, Charyanin Musikasinthorn, M.D., Henry Stachura, M.D. and/or John Does 1-10 were agents of Defendants A, B, or C, acting within the scope of their duty, and otherwise acting with the full knowledge and consent of Defendants A, B, or C.

35.     Defendants had a duty to treat Mr. James with adequate care while a patient at Gallup Indian Medical Center.

36.     In treating and caring for Mr. James, Defendants Charyanin Musikasinthorn, M.D., Henry Stachura, M.D. and/or John Does 1-10 failed to exercise ordinary care which proximately resulted in fatal injuries. Among other things, Defendants Charyanin Musikasinthorn, M.D., Henry Stachura, M.D. and John Does 1-10, were negligent, without limitation, in the following regards:

        A.     Failure to possess and apply the knowledge, skill, and care of reasonably well qualified practitioners under similar circumstances while treating and caring for Mr. James;

        B.     Failure to use the utmost care when performing procedures on Mr. James including the laparoscopic cholecystectomy;

6

C.     Failure to use the utmost care when performing the exploratory laparotomy with sigmoid colectomy and end colostomy, abdominal washout, omentectomy, adhesion lysis, partial small bowel resection to Mr. James;

D.     Failure to fully and properly care for Mr. James including but not limited to failing to properly prescribe and administer pressor medication;

37.     As a direct, proximate, and foreseeable result of Defendants Charyanin Musikasinthorn, M.D, Henry Stachura, M.D. and/or John Does 1-10 negligent acts and omissions, Mervin James suffered at least the following injuries:

A.     An overdose of vasopressors leading to ischemia and necrosis;

B.     Severe physical and emotional pain and suffering;

C.     Loss of life of Mr. James.

38.     Defendants breached the duty of care which they owed to Mr. James by failing to closely monitor and treat Mr. James based on Mr. James' symptoms he presented after arrival at the medical facility and while a patient at the medical facility.

39.     As a direct, proximate and foreseeable result of the negligent acts and omissions of Defendants Charyanin Musikasinthorn, M.D., Henry Stachura, M.D. and/or John Does 1-10, Mr. James suffered fatal injuries.

**COUNT II**

**DAMAGES**

40.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 as though fully recited at length herein.

41.     As a direct and promixate result of conduct of Defendants, described above, the Estate of Mervin James, as represented by its Personal Representative, is entitled to recover

damages against Defendants for the loss of the present worth of the life of its decedent to his Estate, including his enjoyment of life, having regard to the aggravating circumstances attending the negligence acts which resulted in his death, as provided for and as amplified under New Mexico and federal law.  Such damages include hedonic damages for the value of the loss of life itself, as well as economic damages, including impairment of lifetime earning capacity, and loss of household services.

42.     As a direct and proximate result of the conduct of Defendants, described above, Mr. James' children are entitled to recover damages for their loss of consortium with Mr. James in amounts to be determined at trial.

WHEREFORE, Plaintiff Marlinda Lee individually and on behalf of the Estate of Mervin James pray that judgment against Defendants be awarded in an amount reasonably necessary to compensate for his damages and injuries as follows:

1. For compensable damages and costs;

2. For taxable costs as allowed;

3. For attorneys fees;

4. Pre and post judgment interest;

5. For such other and further relief deemed warranted under the circumstances.

KEELER & KEELER, LLP.


/s/ William R. Keeler_____
William R. Keeler
108 E. Aztec Avenue
Gallup, NM 87301
(505) 722-5608